## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## PINE BLUFF DIVISION

**VEOTIS MULDROW**
**ADC #123054**                                                                                         **PLAINTIFF**

V.                              NO. 5:08CV000237 SWW-BD

**ED ADAM,** *et al.*                                                                                      **DEFENDANTS**


### RECOMMENDED DISPOSITION


**I.**      **Procedure for Filing Objections:**

The following Recommended Disposition has been sent to United States District Judge Susan Webber Wright.  Any party may serve and file written objections to this recommendation.  Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date you receive the Recommended Disposition.  A copy will be furnished to the opposing party.   Failure to file timely objections may result in waiver of the right to appeal questions of fact.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

**II.     Background:**

Plaintiff, an Arkansas Department of Correction ("ADC") inmate, filed a pro se complaint (docket entry #2) under 42 U.S.C. § 1983, seeking monetary damages from four ADC employees in their official capacities, along with an application for leave to proceed *in forma pauperis* (#1).

In Plaintiff's complaint, he alleges that on August 5, 2008, he was housed in the C-pod of the W.C. Brassell Detention Center in Pine Bluff, Arkansas.  On that date, Plaintiff and all other detainees in the C-pod were moved into the D.O.C. pod with other ADC inmates.

Hours after Plaintiff and the other detainees were moved into the D.O.C. pod, prison officials conducted a shakedown.  Plaintiff states that after the shakedown, D.O.C. pod inmates accused Plaintiff and the other C-pod detainees of causing the shakedown and being "snitches."

Plaintiff complains about the lack of prison guards in the D.O.C. pod, and states that "his life was put at risk" while housed in that pod.  Plaintiff also claims that the situation was stressful, and that he could scarcely sleep while he was housed in the

D.O.C. pod.  Based upon the facts alleged in Plaintiff's Complaint, the Court calculates that he was housed in the D.O.C. pod for two days.[1]

### III.  Discussion:

   A.   *Standard*

The Prison Litigation Reform Act ("PLRA") requires federal courts to dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B).  In conducting a review for failure to state a claim, the Court is mindful that a complaint should be dismissed only if it appears beyond doubt that a plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. *Springdale Educ. Ass'n v. Springdale Sch. Dist.*, 133 F.3d 649, 651 (8th Cir. 1998).  The Court must accept the factual allegations in the complaint as true and hold a plaintiff's *pro se* complaint "to less stringent standards than formal pleadings drafted by

---

[1] Plaintiff has filed two other lawsuits in this Court in August 2008.  See *Muldrow v. Adam*, Eastern District of Arkansas, Case No. 5:08cv219 and *Muldrow v. Adam*, Eastern District of Arkansas, Case No. 5:08cv220.  Those cases now have been consolidated in *Muldrow v. Adam*, Eastern District of Arkansas, Case No. 5:08cv219. The Court notes that although Plaintiff names Defendant Adam in those cases, the claims that Plaintiff raises in this case are distinct from those raised in Plaintiff's other two complaints.

lawyers. . . ." *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (*per curiam*). However, broad conclusory allegations, even in a pro se complaint are insufficient to state a claim under 42 U.S.C. § 1983. *Grady v. Wilken*, 735 F.2d 303, 305 (8th Cir. 1984).

    B.    *Official Capacity Liability*

Plaintiff's claims for monetary damages against Defendants in their official capacities are barred by the doctrine of sovereign immunity. The Eleventh Amendment bars a citizen from bringing suit in federal court against a state, a state agency, or a state official sued in his or her official capacity for damages which must be paid from public funds in the state treasury. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984); *Barnes v. State of Missouri*, 960 F.2d 63, 64 (8th Cir.1992) (per curiam); *Nix v. Norman*, 879 F.2d 429, 431-32 (8th Cir.1989). Only two exceptions exist to Eleventh Amendment immunity: (1) "where Congress has statutorily abrogated such immunity by clear and unmistakable language," or (2) where a state has waived its immunity to suit in federal court, but "only where stated by the most express language or by such overwhelming implications from the text as will leave no room for any other reasonable construction." *Barnes*, 960 F.2d at 64-65 (citing *Welch v. Texas Dep't of Highways & Pub. Transp.*, 483 U.S. 468, 473-74 (1987)). Neither exception is applicable to Plaintiff's case. See *Will*, 491 U.S. at 66.

Plaintiff has neither pled, nor is he able to prove, that the State has waived its immunity with regard to § 1983 lawsuits, and Congress did not abrogate Eleventh Amendment sovereign immunity when it enacted § 1983. Therefore, the Court recommends that Plaintiff's claims for money damages against Defendants in their official capacities be dismissed.

C.   *Failure to Protect*

It is established law that prison officials have a duty to protect inmates from violence at the hands of other inmates. *Farmer v. Brennan*, 511 U.S. 825, 833-34 (1994). Claims of failure to protect are governed by a "deliberate indifference" standard. "[D]eliberate indifference entails something more than mere negligence, the cases are also clear that it is satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." *Ambrose v. Young,* 474 F.3d 1070, 1076 (8th Cir. 2007) (quoting *Farmer*, 511 U.S. at 835 (1994)). Of course, not every injury "suffered by one prisoner at the hands of another that translates into constitutional liability for prison officials responsible for the victim's safety." *Farmer*, 511 U.S. at 834, 114 S.Ct. at 1977. The duty to protect requires only that prison officials "take reasonable measures to abate substantial risks of serious harm, of which the officials are aware." *Reece v. Groose*, 60 F.3d 487, 491 (8th Cir. 1995).

Here, Plaintiff claims that Defendants placed him in conditions posing a substantial risk of serious harm by allowing him to be housed in the D.O.C. pod. He fails

to state any harm or injury, however, that he actually suffered. To maintain a § 1983 action, Plaintiff must have suffered physical injury. "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42. U.S.C. § 1997e. Although Plaintiff claims that he was threatened while housed in the D.O.C. pod, he does not allege that he suffered any injury. See *Tribe v. Snipes*, 19 Fed. Appx. 325 (6th Cir. 2001) (unpublished opinion) (upholding dismissal of § 1983 action in which inmate plaintiff alleged that he suffered stress from the fear of another attack when he was moved to a facility where inmates had previously attacked him) and *Lefevre v. Luetzow*, 2006 WL 3837724 (W.D. Mich. 2006) (unpublished opinion) (dismissing plaintiff's § 1983 complaint where plaintiff's sole claim was that defendants failed to ensure his safety from other prisoners when plaintiff failed to allege any actual injury). Accordingly, Plaintiff's claim fails, even if he amended the complaint to seek damages from Defendants in their individual capacities.

## IV.     Conclusion:

The Court recommends that Plaintiff's claims be DISMISSED with prejudice. Furthermore, the Court recommends that this dismissal count as a "strike" for purposes of 28 U.S.C. § 1915(g) and that the Court certify that an *in forma pauperis* appeal taken from the order and judgment dismissing this action would be frivolous and not taken in good faith.

In addition, the Court recommends that Plaintiff's application to proceed *in forma pauperis* be DENIED (#1) as moot.

DATED this 2nd day of September, 2008.

```
                                    _____
                                    UNITED STATES MAGISTRATE JUDGE
```